J. A15017/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANIEL F. MCGARITY, CHRISTOPHER D. SWANSON AND MICHAEL J. DONNELLY | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPELLANTS | : | |
| v. | : : | |
| JOHN S. DIGIUSEPPE AND STEVEN C. LAURIELLO | : : : | |
| | : | No. 2586 EDA 2015 |
| | : | |

Appeal from the Judgment Entered August 13, 2015
In the Court of Common Pleas of Chester County
Civil Division at No(s): 13-01411-CT

BEFORE: FORD ELLIOTT, P.J.E., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 29, 2016**

Appellants, Daniel F. McGarity, Christopher Swanson, and Michael J. Donnelley, appeal from the judgment entered on August 13, 2015, in the Chester County Court of Common Pleas following a non-jury trial. Upon careful review, we affirm on the grounds that Appellants have no right to contribution when the Appellants did not make the payments for which Appellants seek contribution. Rather, it was Wayne Moving and Storage, Inc. ("WMS"), a corporation of which Appellants are shareholders, that made the payment for which Appellants seek contribution.

The trial court set forth the facts and procedural history of the instant litigation as follows:

The five individually-named parties were all shareholders in a company known as "Land Associates, Inc." Land Associates is a Pennsylvania Corporation with a principal place of business at 100 Colonial Way, West Chester, Pennsylvania. Land Associates was formed by the five parties for the purpose of owning and then developing real estate. [1] In December of 2004, Land Associates borrowed $2,600,000 from The Bankcorp Bank which was evidenced by a note representing the loan and a construction loan agreement. Under the terms of the construction loan agreement, all of the individual shareholders of Land Associates were required to sign personal guaranties. Each individual executed guaranties to the bank for the repayment of the $2,600,000 note fully, jointly and severally. In January of 2005, Land Associates increased the loan by $1,130,000 to bring the total money borrowed to $3,730,000. The aforementioned guaranties applied to the now full indebtedness of $3,730,000.

Land Associates reached an agreement to purchase 44 acres in London Grove Township, Chester County, Pennsylvania. The purpose was to develop this real estate into 40 single-family homes. Work commenced on the project and eventually township land development approval was granted. Unfortunately for the parties, this process was interrupted when a sewer moratorium was imposed by the township. The project was eventually completed and the parties agree that it took considerably longer to bring the land development project to conclusion than they had hoped.

Importantly for this litigation, the loan to Bankcorp was paid in full. The testimony revealed that at no time was the loan ever declared in default and at no time did the bank move to collect on the individual party guarantees.

---

[1] It is also relevant to this appeal that Appellant McGarity was the president and chief executive officer of WMS, and Appellants Swanson and Donnelley were WMS shareholders. Appellants worked for WMS and "used WMS money as their own personal bank account." Trial Ct. Op., 4/1/15, at 5. WMS is not a party to the instant lawsuit. Appellees had no interest in WMS.

Both prior to this project and throughout the various stages of the project, Land Associates also acquired other property at other locations and proceeded to commence with real estate development on those properties. Testimony was presented about a development called Chamber Rock, Winchester, Appleton Partners, and throughout this period of time it was clear that the parties were moving money between projects as part of Land Associates' business model.

The genesis of this litigation is the claim by [Appellants] that they paid money both to the bank and to vendors as individuals and sought reimbursement or contribution for those payments from [Appellees]. [Appellants] advanced the theory that they are owed contribution from the [Appellees] for the payments they made to vendors or the bank pursuant to the guaranties given to Bankcorp.

Trial Ct. Op., 4/1/15, at 2-4 (footnote omitted).

Following the filing of an Answer, New Matter, and some Counterclaims, the parties engaged in discovery. On June 25, 2014, Appellees filed a Motion for Summary Judgment. Appellants filed a Response in Opposition to Appellees' Motion and a Cross-Motion for Summary Judgment on Liability on August 8, 2014. Following oral argument, the trial court granted Appellants' Motion on August 20, 2014. In granting summary judgment, the trial court concluded that Appellees were liable to Appellants, but that "the issue of damages remained subject to a trial for ultimate resolution as to the amounts." *Id.* at 1.

On September 4, 2014, Appellees filed a Motion for Reconsideration of the trial court's August 20, 2014 Order. The trial court held a hearing on the Motion, at which it "became clear that neither party agreed on the facts."

*Id.* at 2. The trial court, therefore, granted Appellees' Motion for Reconsideration on October 9, 2014, vacated its August 20, 2014 Order, denied both parties' Motions for Summary Judgment, and set a trial date.

The trial court held a bench trial on February 23 and 24, 2015. Following the trial the trial, the court found in favor of Appellees on April 1, 2015, concluding, in relevant part, that the testimony and evidence established that WMS, and not Appellants individually, made the payments to the bank to prevent the loan from going into default. Trial Ct. Op. at 9.

Appellants filed a timely Post-Trial Motion, which the trial court denied. The trial court entered judgment on its verdict on August 13, 2015. This timely appeal followed. Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants present the following issues for this Court's review, which we have reordered for ease of disposition:

> 1. Whether $2,800,000 paid by Wayne Moving and Storage, Inc. to the Bank and to finish the project was paid by Wayne Moving and Storage, Inc. on behalf of the individual shareholders of Wayne Moving and Storage, Inc., McGarity, Swanson, and Donnelly, for purposes of contribution by [Appellees]?
>
> 2. Whether a default, or a default declared by a lending bank, is a condition precedent to [Appellees'] obligation for contribution as co-sureties or co-guarantors on The Bankcorp Bank ("Bank") note?
>
> 3. Whether the guarantors not only guaranteed payment to The Bankcorp Bank, but also guaranteed performance of the borrower's obligations, including completion of the project?

4. Whether payments made by [Appellants] to vendors to complete the project enabling the loan to be fully paid are equivalent to payments to the Bank for contribution by [Appellees]?

Appellants' Brief at 5-6.

When reviewing a trial court's decision in the non-jury trial, our standard of review is well-established. "We may reverse the trial court only if its findings of fact are predicated on an error of law or are unsupported by competent evidence in the record. As fact finder, the judge has the authority to weight the testimony of each party's witnesses and to decide which are most credible." *Parker Oil Co. v. Mico Petro and Heating Oil, LLC*, 979 A.2d 854, 856 (Pa. Super. 2009) (citation omitted). The trial judge's findings made after a bench trial must be given the same weight and effect as a jury verdict and will not be disturbed on appeal unless they are not supported by competent evidence in the record. *See Levitt v. Patrick*, 976 A.2d 581, 589 (Pa. Super. 2009). "Furthermore, our standard of review demands that we consider the evidence in the light most favorable to the verdict winner." *Id.* (citation omitted).

In their first issue, Appellants argue that the "trial court made legal and factual errors when it determined that the payments made by [WMS] to the Bank and to vendors . . . were not the same as payments by [Appellants]." Appellants' Brief at 37. Appellants note that their accountant, Roger Davis, testified that WMS's accounting books showed that WMS's

payments to the Bank and vendors were payments from Appellants, shareholders of WMS. They argue that "there is no difference between [WMS] making payments on behalf of its three owners, [Appellants], and treating those payments as loans or income to the individuals, and making actual cash payments to [Appellants] and then having the three individual [Appellants] write checks to the Bank and vendors." *Id.* at 38.

We disagree. It is undisputed that it was WMS, and not the individual Appellants, who made the payments to vendors and to the bank to prevent the loan from going into default. *See* Trial Ct. Op., 4/1/15, at 6 (where the trial court found "the testimony was significant in that the advancements either on behalf of Land Associates for vendors or to the bank as alleged were made by [WMS]"); *see also* Trial Ct. Op., 10/21/15, at 9. Although Appellants are shareholders of WMS and may have provided funds to WMS to subsidize the payments to the bank and vendors, there is still no legal basis to disregard the legal distinction between corporations and shareholders. To hold otherwise would require us to overlook the corporate wall between the two.

As such, Appellants cannot assert a claim for contribution from Appellees for payments made by WMS. It is axiomatic that in order for a surety to succeed in a claim for contribution against co-sureties for payments made to the parties' creditor, the surety must have **made payment** to the creditor. *See*, *e.g.*, *Croft v. Moore*, 9 Watts 451, 452 (Pa.

1840); **Hoff v. Kauffman**, 282 Pa. 471, 475 (Pa. 1925).  Since it was WMS and not Appellants who made the payments, Appellants have not made the payment to the creditor and cannot meet the threshold requirement to obtain contribution.

Because we have concluded that it was not Appellants who made the payments for which they seek contribution from Appellees, we need not address Appellants' remaining issues on appeal.

Judgment affirmed.  Jurisdiction relinquished.

Judge Ford Elliott joins the memorandum.

Judge Jenkins concurs in result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2016